Parkesh KAUR; Jaswant Singh Gill, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–71262.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 11, 2010.*

Filed Jan. 19, 2010.

Martin Avila Robles, Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioners.

David Klontz, Leslie McKay, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

### MEMORANDUM **

Parkesh Kaur and Jaswant Singh Gill, husband and wife and natives and citizens of India, petition for review from the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We review for substantial evidence, *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000), and we deny the petition for review.

The evidence does not compel the conclusion that Kaur established extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, Kaur's asylum claim fails.

Substantial evidence supports the BIA's denial of Kaur's withholding of removal claim because Kaur failed to establish that

the government of India was unwilling or unable to protect her from militants in India. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

Substantial evidence also supports the BIA's conclusion that Kaur is ineligible for CAT relief because she failed to establish that it would be more likely than not that she would be tortured if returned to India. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

